# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JONES, Minors.

UNPUBLISHED
July 13, 2017

No.  334379
Wayne Circuit Court
Family Division
LC No.  15-519874-NA

Before:  O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her two minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood that child will be harmed if returned to parent).[1]  We affirm.

The two children at issue in this case were removed from respondent's care in May 2015 based on allegations that respondent was hospitalized for hearing voices and having visual hallucinations. The record reflects that respondent was diagnosed with Schizoaffective Disorder and has struggled with mental health issues since 2005.  Over the next year, respondent was provided a variety of services that were intended to improve her mental health issues, parenting skills, substance abuse issues, and housing situation.  However, respondent largely struggled to both participate in and benefit from the services provided.  According to two foster care case managers assigned to this case, respondent did not complete parenting classes, individual therapy, or substance abuse therapy.  Further, respondent missed 26 drug screens and missed 30 visits with her children, and did not attend any mental health classes.  While it is true that respondent had income through SSI, she was nevertheless unable to obtain suitable housing throughout the pendency of this case.  A supplemental petition seeking the termination of her parental rights was thus filed in April 2016, and respondent's parental rights were terminated in July 2016.[2]  This appeal followed.

---

[1] The parental rights of the children's father were also terminated, but he is not a party to this appeal.

[2] The trial court also took jurisdiction over respondent's youngest child, who was born while this case was pending, and ordered respondent to participate in services.  A supplemental petition

-1-

On appeal, respondent first argues that the trial court's statutory-grounds determination is clearly erroneous because she has made progress throughout this case. Second, respondent argues that the termination of her parental rights was clearly not in the best interests of the children. We disagree in both respects.

A trial court may terminate a parent's parental rights if it finds that at least one of the statutory grounds set forth in MCL 712A.19b(3) has been established by clear and convincing evidence. Petitioner bears the burden of proving at least one statutory ground. MCR 3.977(A)(3); *In re Trejo Minors*, 462 Mich 341, 350; 612 NW2d 407 (2000). We review a trial court's finding that a statutory ground has been established for clear error. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (citation and internal quotation marks omitted).

The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (g) and (j), which provide as follows:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

seeking the termination of respondent's parental rights to that child was then filed in December 2016, and respondent's parental rights were terminated in January 2017.

Applying those rules to the facts of this case, we are not left with a definite and firm conviction that a mistake was made with regard to the trial court's statutory-grounds determination. The record reflects that there was clear and convincing evidence to support the trial court's decision with respect to all three statutory subsections. At the time of the adjudication, respondent was homeless and suffering from auditory hallucinations. Again, by the time of the permanent custody hearing, respondent had not complied with a significant portion of her treatment plan. She did not complete individual counseling, infant mental health services, or parenting classes. There is no indication that respondent's mental health issues were stabilized for a sustained period of time. To the contrary, she attempted suicide and was hospitalized one week before the youngest child was born in March 2016. With respect to respondent's housing situation, both foster care case managers testified that respondent never indicated whether she had obtained appropriate housing. Moreover, as indicated above, respondent missed 30 visits with her children and had not visited them for a period of over four months. Ultimately, respondent's mental health issues and failure to participate in services interfered with her ability to properly care for the children and exposed them to significant risk of harm.

On Appeal, respondent argues that the psychiatric testimony showed she could eventually assume full parenting responsibility after continued counseling. However, it is unclear what psychiatric testimony respondent is referring to when making this claim. In fact, there was no psychiatric testimony in the record at all. Rather, respondent's psychological evaluation indicated that ongoing psychiatric consultations were needed and her symptoms negatively impacted her ability to make sound judgments and to care for her children. Thus, termination of parental rights was proper under MCL 712A.19b(3)(c)(*i*), (g) and (j).[3]

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 826 NW2d 144 (2012), citing MCL 712A.19b(5); MCR 3.977(E)(4). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. Trial courts should consider all available evidence in making this determination. *In re Trejo*, 462 Mich at 356. Relevant factors to be considered include the bond between the child and the parent, the parent's ability to parent, the child's need for permanency and stability, the advantages of the foster home over the parent's home, and any other relevant factors. *In re Olive/Metts*, 297 Mich App at 41-42. We review the trial court's determination that termination is in the child's best interests for clear error. *Id.* at 40.

---

[3] In their briefs, the parties cite additional statutory subsections that may apply. However, the trial court only specifically referenced MCL 712A.19b(3)(c)(*i*), (g) and (j) when making its determination to terminate respondent's parental rights. In any event, if we find that the trial court did not clearly err by concluding that one statutory ground for termination existed, we need not address the additional grounds for termination. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). Thus, we need not address those additional statutory grounds because we find that termination was proper under MCL 712A.19b(3)(c)(*i*), (g) and (j).

In this case, we conclude that the trial court did not err when it found that termination of respondent's parental rights was in the children's best interests. Again, respondent has a history of mental health issues that are still ongoing as evidenced by her recent suicide attempt. Respondent also failed to provide any reasoning as to why she missed over 30 visits with her children. In fact, in early 2016, respondent told one of the foster care case managers that she wanted to give up parental rights to the children. Both foster care case managers testified that it is in the children's best interests to be raised by a stable caregiver who can provide them with a suitable and appropriate home environment and that respondent is unable do this. Thus, respondent's failure to visit the children, ongoing mental health issues, and failure to participate in services offered evidences that the trial court did not err when it found that termination of respondent's parental rights were in the children's best interests.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens